# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| R Alexander Acosta,<br><br>      Plaintiff,<br><br>v.<br><br>Agro Cargo LLC, et al.,<br><br>      Defendants. | No. CV-19-02670-PHX-SMB<br><br>**CONSENT JUDGMENT AND ORDER AS TO DEFENDANTS AGRO CARGO, LLC; JOSE CARLOS GOMEZ D/B/A UNION HARVEST; AND CHRISTIAN GOMEZ BUENO** |

Plaintiff R. Alexander Acosta, United States Secretary of Labor, and Settling Defendants Jose Carlos Gomez d/b/a Union Harvest ("Union Harvest"), Christian Gomez Bueno, and Agro Cargo, LLC (collectively, "Defendants"), have agreed to resolve the disputes between them in this civil action and consent to the entry of this Consent Judgment as provided below.

**I.     STATEMENTS BY THE PARTIES**

    **A.     Statements Regarding Negotiations**

        1. When negotiating this agreement, Defendants had the assistance of an independent court-certified interpreter at the beginning of negotiations and received a copy in Spanish of this agreement.

        2. At the outset of negotiations, counsel for the Secretary informed Defendants that, before agreeing to enter into this Consent Judgment, they should consult with an independent attorney of their

        choosing regarding the terms of this document to ensure that they understand those terms. To give Defendants the opportunity to do so, the Secretary afforded Defendants almost two months Defendants to seek legal counsel.

3. Defendants agree to this document voluntarily, understanding all of its terms and obligations.

**B.   Procedural Statements**

4. The Secretary filed a complaint alleging that Defendants violated the Migrant and Seasonal Agricultural Worker Protection Act ("MSPA") and the H-2A Program under Section 218 of the Immigration and Nationality Act ("INA") as amended by the Immigration and Reform Control Act of 1986 ("IRCA").

5. Defendants waive formal service and acknowledge receipt of a copy of the Secretary's Complaint.

6. Defendants waive their answers and any defenses to the Secretary's Complaint.

7. Defendants agree that the Court has jurisdiction over the parties and subject matter of this civil action and that venue lies in the United States District Court for the District of Arizona.

8. Defendants acknowledge that they and any individual, agent, or entity acting on their behalf or at their direction have notice of, and understand, the provisions of this Consent Judgment.

9. Defendants agree to resolve all allegations against them in the Secretary's Complaint.

10. Defendants agree to the entry of this Consent Judgment.

**C.   Factual Admissions Regarding Violations for Defendant Jose Carlos Gomez**

11. Defendant Jose Carlos Gomez admits that he is a farm labor

contractor under MSPA. Defendant Jose Carlos Gomez further admits that he employed MSPA workers from at least 2010 to April 2017 as Union Harvest.

12. Defendant Jose Carlos Gomez admits that he did not contest the Secretary's determinations that he violated MSPA, as listed below:
    a. November 1, 2016 Determination Letter: violation of MSPA Section 401(b)(l)(A) by failing to provide safe transportation vehicles; violation of MSPA Section 401(b)(l)(B) by failing to ensure each driver had a valid license; violation of MSPA Section 101(b) by failing to register employees; and violation of MSPA Section 105(2) by failing to apply to amend your certificate for transportation authorization for each vehicle used.
    b. November 4, 2013 Determination Letter: violation of MSPA Section 203(a) by failing to ensure housing safety and health; violation of MSPA Section 401(b)(l)(A) by failing to provide safe transportation vehicles.
    c. November 15, 2010 Determination Letter: violation of MSPA Section 401(b)(1)(A) by failing to provide safe transportation vehicles; violation of MSPA Section 401(b)(1)(C) by failing to obtain prescribed insurance coverage; and violation of MSPA Section 105(2) by failing to apply to amend your certificate for transportation authorization for each vehicle.

13. Defendant Jose Carlos Gomez admits that the November 1, 2016 Determination Letter assessed $201,300 in civil money penalties, which he has not paid.

**D.   Factual Admissions Regarding Violations for Defendants Jose Carlos Gomez, Agro Cargo, LLC, and Christian Gomez Bueno**

14. Defendant Agro Cargo, LLC admits that it is a farm labor contractor under MSPA.
15. Defendants Agro Cargo, LLC and Christian Gomez Bueno admit they employed MSPA workers and H-2A workers from at least September 1, 2017 to the present.
16. Defendants admit that the majority of Union Harvest's foremen and supervisors worked for Agro Cargo from at least September 1, 2017 to April 15, 2018.
17. Defendants admit that the majority of Union Harvest's field employees worked for Agro Cargo from at least September 1, 2017 to April 15, 2018.
18. Defendants admit that Defendants Jose Carlos Gomez and Union Harvest were employers of Defendant Agro Cargo, LLC's MSPA and H-2A employees.  Demonstrating this fact, among other things, Defendants admit:
    a. Defendants Agro Cargo LLC and Christian Gomez Bueno's Labor Proposals submitted to Pasquinelli in September 21, 2017; and SMT Farm on September 15, 2017 and September 16, 2016; included Union Harvest's e-mail address and Jose Carlos Gomez's telephone number.
    b. At least from September 1, 2017 to April 15, 2018, Defendant Jose Carlos Gomez visited the fields in which Agro Cargo employees performed their duties.
    c. From September 1, 2017 to April 15, 2018, Defendant Jose Carlos Gomez controlled Agro Cargo's operation.
    d. At least from September 1, 2017 to April 15, 2018, Defendant

Jose Carlos Gomez worked as a supervisor for Agro Cargo.

19. Defendants admit that they violated:

   a. MSPA §§ 202(a) and 302(a), 29 U.S.C. §§ 1822(a) and 1832(a), and 29 C.F.R. § 500.81, and 29 C.F.R. § 500.81, by failing to pay all wages when due.

   b. MSPA §§ 201(d) and 301(c), 29 U.S.C. §§ 1821(d) and 1831(c), by failing to make, keep or maintain all time and pay records, including pre and post-shift work.

   c. MSPA § 401(b)(1)(A)-(C), 29 U.S.C. §§ 1841(b)(1)(A)-(C), by failing to provide safe transportation.

   d. MSPA § 101, 29 U.S.C. § 1811, and 29 C.F.R. §§ 500.40, 500.41(a), by failing to require all persons engaging on farm labor contracting activities on their behalf to obtain a FLCE Certificate of Registration authorizing such person to engage in those FLC activities.

   e. MSPA § 103, 29 U.S.C. § 1813, and 29 C.F.R. §§ 500.51(a)-(b);(d)-(e), by knowingly misrepresenting a material fact such as the real party in interest when applying for a Farm Labor Contractor certificate of registration and failing to comply with a final order from the Secretary.

20. Defendants admit they violated H-2A regulations:

   f. 20 C.F.R. § 655.122(h)(4) by failing to provide safe transportation in that their vehicles failed to have functional equipment and emergency devices.

   g. 20 C.F.R. § 655.122(i) by failing to pay H-2A employees at least three-fourths of the workdays of the total period beginning with the worker's first day of work and ending on the expiration

- 5 -

    date of the work contract.

  h.  20 C.F.R. § 655.122(j)(1) and 655.122(j)(3) by failing to record all hours of work offered to each H-2A employee and the reason H-2A employee(s) worked less hours than the hours offered in the job order.

  i.  20 C.F.R. § 655.122(k) by failing to pay its H-2A employees for all works worked, including any pre and post-shift work.

  j.  20 C.F.R. § 655.121(a)(3) by failing to include all of the employment terms and working conditions on the job order.

## II.   JUDGMENT

### A.   Injunctive Relief under Migrant Seasonal and Agricultural Worker Protection Act

Therefore, upon motion of the attorneys for the Secretary, and for cause shown,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that, pursuant to Section 502 of MSPA, 29 U.S.C. § 1852, Defendant Jose Carlos Gomez is permanently enjoined and restrained from operating as a Farm Labor Contractor or providing Farm Labor Contractor services, either directly or indirectly.

Defendant Jose Carlos Gomez is also permanently enjoined and restrained from applying for a Farm Labor Contractor Employee Certificate to perform the following activities: recruiting, transporting, driving, housing, soliciting, or furnishing employees for any Farm Labor Contractor.

Within three days of the date of this Order, Defendant Jose Carlos Gomez shall withdraw any pending application made on his behalf for any certificate or license specifically required to operate as a Farm Labor Contractor, such as a Farm Labor Contractor Certificate of Registration. Defendant Jose Carlos Gomez also agrees withdraw his request for an administrative hearing in case number 2018-MSP-00001.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that

Defendants Jose Carlos Gomez, Agro Cargo LLC, Christian Gomez Bueno, and their officers, agents, servants, employees, successors and all persons in active concert or participation with them are permanently enjoined and restrained from violating MSPA in any of the following manners:

1. Defendants shall not, contrary to MSPA §§ 201(a) and 301(a), fail to disclose to all migrant and seasonal agricultural workers who work for them information regarding their wages and working conditions, including rates of pay and location of work, as set forth in 29 C.F.R. §§ 500.75 and 500.76. To ensure compliance with this provision, Defendants shall at least do the following:

   a. Defendants shall distribute a copy of these disclosures to the workers prior to them beginning work for Defendants and must include the amounts workers are charged for transportation;

   b. Defendants shall distribute to their workers a copy of the attached Exhibit B and C prior to the workers beginning work for Defendants.

   c. These disclosures must be made at the time Defendants recruit the worker as required by 29 C.F.R. §§ 500.75 and 500.76.

2. Defendants shall not, contrary to MSPA §§ 202(a) and 302(a), 29 U.S.C. §§ 1822(a) and 1832(a), and 29 C.F.R. § 500.81, fail to pay, when due, all wages owed to migrant and seasonal agricultural workers whom they employ. To ensure compliance with this provision, Defendants shall at least do the following:

   a. Defendants must take steps to ensure that workers are paid for all hours they present themselves as available to work including any time spent waiting for the crops to be ready to be harvested, waiting to check in, and waiting to complete paperwork;

   b. The wages rates paid to workers must be computed based on the

      rate disclosed to the workers as set forth in paragraph II.A.1;

   c. Amounts charged to workers for transportation that were not previously disclosed must be treated as an illegal deduction and must be repaid;

   d. Defendants shall cure any underpayments within the following two pay periods.

  3. Defendants shall not, contrary to MSPA §§ 201(d) and 301(c), 29 U.S.C. §§ 1821(d) and 1831(c), fail to make, keep or maintain all time and pay records, including, but not limited to, any hours spent doing pre and post-shift work.

  4. Defendants shall not, contrary to MSPA § 401(b)(1)(A)-(C), 29 U.S.C. §§ 1841(b)(1)(A)-(C), use or cause to be used vehicles for the transportation of migrant or seasonal agricultural workers without failing to (a) ensure that each driver providing transportation to migrant or seasonal agricultural workers has a valid and appropriate driver's license; (b) ensure that motor vehicles used to transport migrant or seasonal agricultural workers conform to MSPA's vehicle safety standards (certification by the California Highway Patrol that the vehicle is fit for such use shall serve as compliance); and (c) have the required minimum level of insurance. To ensure compliance with this provision, Defendants shall at least do the following:

   a. Defendants shall require all of their farm labor contractor employees (FLCE) transporting farm workers to possess a certificate authorizing these employees to transport and/or drive workers as set forth in 29 C.F.R. §§ 500.40, 500.41.

   b. Defendants shall require their FLCEs transporting and driving workers to complete an inspection report showing that the vehicle meets DOL's safety requirements set forth in 29 C.F.R. §§ 500.100(a), 500.104, and 500.105 (certification by the California Highway Patrol that the vehicle is fit for such use

        shall serve as compliance). This inspection must before workers are transported each workday.

    c. Defendants shall not fail to ascertain all persons who are employed to transport workers, are authorized to transport, are competently able to inspect the vehicle to ensure it meets DOL safety standards as set forth in 29 C.F.R. §§ 500.104 and 500.105, possess a valid driver's license, and have passed the required medical exam required when driving any vehicle other than a passenger automobile;

    d. Defendants shall not fail to amend their certificate prior to using, our causing to be used, any vehicle to transport workers as set forth in 29 C.F.R. § 500.55.

    e. Defendants shall maintain all vehicle inspection reports and records showing the names of the drivers with copies of their drivers licenses and medical forms for three years and make these records available to the representatives of the Department of Labor upon their request;

5. Defendants shall not, contrary to MSPA § 101, 29 U.S.C. § 1811, and 29 C.F.R. §§ 500.40, 500.41(a), fail to require all persons engaging on farm labor contracting activities on their behalf to obtain a FLCE Certificate of Registration authorizing such person to engage in those FLC activities.

6. Defendants shall not, contrary to MSPA § 103, 29 U.S.C. § 1813, and 29 C.F.R. §§ 500.51(a)-(b);(d)-(e), knowingly misrepresent material facts such as the real party in interest when applying for a Farm Labor Contractor certificate of registration and fail to comply with a final order from the Secretary.

7. Defendants, jointly and severally, shall not continue to withhold payment of the $16,870.50 in back wages hereby found to be due for the Subject Period under

MSPA, to the employees named in the attached Exhibit A in the amounts set forth therein.

### B.     Injunctive Relief Related to H-2A Program

Upon motion of the attorneys for the Secretary, and for cause shown,

**IT IS FURTHER HEREBY ORDERED, ADJUDGED, AND DECREED** that pursuant to 8 U.S.C. §1188(g)(2) and 29 C.F.R. §§ 501.16(b)&(c), Defendants, their officers, agents, servants, employees, successors and all persons in active concert or participation with them are permanently enjoined and restrained from violating the H-2A program in any of the following manners:

8. Defendants shall not, contrary to 20 C.F.R. § 655.122(h)(4), fail to provide transportation to the workers that complies with Federal, State, or local laws and regulations, and 29 U.S.C. § 1841 and 29 C.F.R. §§ 500.105, 500.120-.128. Defendants shall not fail to provide its vehicles with functional equipment and emergency devices.

9. Defendants shall not, contrary to 20 C.F.R. § 655.122(i), fail to pay H-2A employees at least three-fourths of the workdays of the total period beginning with the worker's first work day and ending on the expiration date of the work contract.

10. Defendants shall not, contrary to 20 C.F.R. § 655.122(j)(1), 655.122(j)(3), fail to record all hours of worked offered to each H-2A employee and the reason H-2A employee(s) worked less hours than the hours offered in the job order.

11. Defendants shall not, contrary to 20 C.F.R. § 655.122(k), fail to pay their H-2A employees for all hours worked including any pre and post-shift work.

12. Defendants shall not, contrary to 20 C.F.R. § 655.121(a)(3), fail to include all of the employment terms and working conditions on the job order.

13. Defendants, jointly and severally, shall not continue to withhold payment of the $9,358.50 back wages hereby found to be due for the Subject Period under the H-2A program, to the employees named in the attached Exhibit A in the amounts set forth therein.

**C.     Injunctive Relief under MSPA and H-2A Program**

14.     Defendants shall not request, solicit, suggest, or coerce, directly, or indirectly, any employee to return or to offer to return to the Defendants or to someone else for the Defendants, any money in the form of cash, check, or any other form, for wages previously due or to become due in the future to said employee under the provisions of this judgment, MSPA, or the H-2A program; nor shall Defendants accept, or receive from any employee, either directly or indirectly, any money in the form of cash, check, or any other form, for wages heretofore or hereafter paid to said employee under the provisions of this consent judgment, MSPA, or the H-2A program; nor shall Defendants discharge or in any other manner discriminate, nor solicit or encourage anyone else to discriminate, against any such employee because such employee has cooperated with the Secretary's investigation, testified against Defendants, or received or retained money due to him from Defendants under the provisions of this judgment, MSPA or the H-2A program.

15.     **IT IS FURTHER ORDERED AND ADJUDGED** that Defendants shall distribute the following notices to Agro Cargo's employees: (1) Notice of domestic agricultural employees' Rights under Federal Law; and (2) Notice of H-2A workers' rights under Federal Law, attached hereto as Exhibits B and C.

   a.     Defendants shall distribute these Notices twice after entry of the Consent Judgment. Defendants shall first distribute the Notice to all workers at the beginning of the next season in 2019.  Then, Defendants shall again distribute the Notices during peak time.

   b.     Defendants shall staple or enclose the Notices to the employees' paychecks.

   c.     For H-2A employees, the Notices shall be distributed on the employees' first work week in the United States.

   d.     Defendants shall also post this Notice in areas workers

frequent, including in the vehicles that transport them, the toilets, and where the workers eat lunch, drink water, and take breaks.

  e. Defendants shall distribute this Notice for two years from the date this Consent Judgment is entered.

16. Defendants shall provide Wage and Hour Division agents access to its work sites where agricultural employees work for WHD agents to read the Notices referred to in paragraph 15 and to answer questions employees may have about their rights under MSPA and the H-2A program.

  a. WHD agents shall read the Notices and answer employees' questions within one year of entry of this Consent Judge. The WHD and Defendants shall arrange for a mutual agreeable time to read the Notices and answer employee questions at the peak employment of year, i.e., the week(s) when Defendants tend to employee the most employees.

  b. Defendants agree to compensate employees for the time spent during the time WHD agents read the Notices and answer employee's questions at the employees' regularly hourly rates, or each employee's average hourly rate based on their piece-rate production during the prior pay period.

17. Defendants shall permit the Secretary to provide an annual training on worker rights and protections under MSPA and the H-2A program to all Agro Cargo LLC supervisors and field foremen for the next two years commencing after entry of this Consent Judgment.

  a. Agro Cargo shall require all of its supervisors and field foremen to attend this annual training before the start or at the start of the thinning season each year.

  b. Agro Cargo shall provide possible dates for this training to the DOL at least 2 weeks in advance with the contact information of Agro

Cargo's representative to call for scheduling the training session. Agro Cargo will arrange the location to hold these trainings. Agro Cargo will provide possible dates to Kristina Espinoza, Wage and Hour Investigator, 230 N. First Avenue, Suite 402, Phoenix, Arizona 85003.

18. Defendants shall permit the Secretary to provide a bi-annual training on transportation safety under MSPA and the H-2A program to all Agro Cargo LLC drivers transporting agricultural employees for the next three year commencing after entry of this Consent Judgment.

    a. Agro Cargo shall require all of its drivers to attend this bi-annual training before the start or at the start of the thinning and harvest season.

    b. Agro Cargo shall provide possible dates for this training to the DOL at least 2 weeks in advance with the contact information of Agro Cargo's representative to call for scheduling the training session. Agro Cargo will arrange the location to hold these trainings. Agro Cargo will provide possible dates to Kristina Espinoza, Wage and Hour Investigator, 230 N. First Avenue, Suite 402, Phoenix, Arizona 85003.

## III.     MONETARY RELIEF

**JUDGMENT IS HEREBY ENTERED** in the amount of $75,000 against Defendants Agro Cargo, LLC and Christian Gomez Bueno, jointly and severally, and in favor of the Plaintiff, Secretary of Labor. Defendants agree that this amount is considered a debt to the United States. Defendants shall pay this amount as set forth below.

19. **IT IS FURTHER ORDERED AND ADJUDGED** that Defendants Agro Cargo, LLC and Christian Gomez Bueno, jointly and severally, shall pay to the Secretary the aforementioned sum of $75,000, pursuant to MSPA §§ 202(a), 302(a), 503, 29 U.S.C. §§ 1822(a),1832(a), 1853, and pursuant to the H-2A program, 8 U.S.C. §1188(g)(2). This amount encompasses the back wages owed to employees in Exhibit A for the

Subject Period under MSPA and the H-2A Program, and the Civil Money Penalties assessed by the U.S. Department of Labor for Defendants' violations and finally determined.

20. Defendants Agro Cargo, LLC and Christian Gomez Bueno shall satisfy the monetary provisions of this Consent Judgment as set forth below. Defendants shall deliver all checks and documents required by this Consent Judgment to District Director Eric Murray, 230 N. First Avenue, Suite 402, Phoenix, Arizona 85003, on or before the date due:

    a. To facilitate the distribution of back wages, within 15 days of entry of this Judgment, Defendants shall deliver a list containing the last known home address, social security, email address, and telephone number for each person named in the attached Exhibit A.

    b. Within 30 days of the entry of this Consent Judgment, Defendants shall deliver two payments, in the form of two certified or cashier's checks or money orders as follows:

        i. For $26,229 payable to "Wage & Hour Div., Labor." The words "Agro Cargo/BWs" must be shown in the memo line.

        ii. For $13,771 payable to "Wage & Hour Div., Labor." The words "Agro Cargo/CMPs" must be shown in the memo line.

    c. By September 2, 2019, Defendants shall deliver a certified or cashier's check or money order for $35,000 payable to "Wage & Hour Div., Labor." The words "Agro Cargo/CMPs" must be show in the memo line.

    d. The Secretary shall allocate and distribute the back wages to the persons named in the attached Exhibit A, or to their estates if necessary, in his sole discretion.  Any money not so paid within a period of three years from the date of its receipt, because of an inability to locate the proper persons or because of their refusal to accept it, shall be then deposited in the Treasury

of the United States, as miscellaneous receipts.

## IV. OTHER PROVISIONS

21. The Secretary will seek a judgment lien on Defendants Agro Cargo, LLC and Christian Gomez Bueno's property. Defendants shall cooperate with the Secretary's efforts to secure the judgment. Defendants shall not take any action to frustrate the Secretary's efforts, including through encumbering or disposing of any property prior to the Secretary recording this judgment. The Secretary may place a lien on the vehicles and/or machinery with the following VIN numbers: (1) 1T9AA1P30B1030159, (2) 1T9AA1P3XA1030717, (3) 1T9AA1P43A1030700, and (4) 1T9AA1P49A1030684.

22. Each party shall bear all fees and other expenses (including court costs) and attorneys' fees that might be available under the Equal Access to Justice Act incurred by such party in connection with any stage of this proceeding to date.

23. Nothing in this Consent Judgment and Order is binding on any government agency other than the United States Department of Labor, Wage and Hour Division.

24. This Court shall retain jurisdiction of this action for purposes of enforcing compliance with the terms of the Consent Decree.

IT IS SO ORDERED.

Dated this 1st day of May, 2019.

_____
Honorable Susan M. Brnovich
United States District Judge